UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD FORLIZZO

       Plaintiff,

Case No.: 8:14-cv-03140-T-JDW-MAP

v.

RETRIEVAL-MASTERS
CREDITORS BUREAU, INC. d/b/a
AMERICAN MEDICAL
COLLECTION  AGENCY

       Defendant.

_____/

**DEFENDANT, RETRIEVAL-MASTERS CREDITORS BUREAU d/b/a AMERICAN MEDICAL COLLECTION AGENCY'S, ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, the Defendant, RETRIEVAL MASTERS CREDITORS BUREAU, INC. d/b/a  AMERICAN  MEDICAL  COLLECTION  AGENCY ("Defendant"), by and through its undersigned counsel, and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint **[DE 1]** and herein states as follows:

**PRELIMINARY STATEMENT**

1.     Admitted for purposes of claim identification only, otherwise denied.

2.     Denied; Defendant demands strict proof thereof;

3.     Denied; Defendant demands strict proof thereof;

**JURISDICTION AND VENUE**

4.     Admitted for purposes of jurisdiction only, otherwise denied.

5.     Admitted for purposes of jurisdiction only, otherwise denied.

6.     Admitted for purposes of jurisdiction only, otherwise denied.

## PARTIES

7.    Admitted for purposes of jurisdiction only, otherwise denied.

8.    Admitted

## GENERAL ALLEGATIONS

9.    Denied; Defendant demands strict proof thereof;

## COUNT I
## THE TELEPHONE CONSUMER PROTECTION ACT

10.    Defendant incorporates its response to Paragraphs 1 through 9 above as if fully stated herein;

11.    Admitted;

12.    Denied; Defendant demands strict proof thereof.

13.    Denied; Defendant demands strict proof thereof.

14.    Denied; Defendant demands strict proof thereof.

15.    Denied; Defendant demands strict proof thereof.

16.    Denied; Defendant demands strict proof thereof.

## COUNT II
## FAIR DEBT COLLECTION PRACTICES ACT

17.    Defendant incorporates its response to Paragraphs 1 through 16 above as if fully stated herein;

18.    Unknown at this time; therefore denied;

19.    Admitted;

20.    Denied; Defendant demands strict proof thereof.

21.    Denied; Defendant demands strict proof thereof.

22.    Denied; Defendant demands strict proof thereof.

2

23.    Denied; Defendant demands strict proof thereof.

24.    Denied; Defendant demands strict proof thereof.

25.    Denied; Defendant demands strict proof thereof.

**COUNT III**
**FLORIDA'S CONSUMER COLLECTION PRACTICES ACT**

26.    Defendant incorporates its response to Paragraphs 1 through 25 above as if fully stated herein;

27.    Unknown at this time; therefore denied;

19.    Admitted;

20.    Denied; Defendant demands strict proof thereof.

29.    Denied; Defendant demands strict proof thereof.

30.    Denied; Defendant demands strict proof thereof.

**JURY DEMAND**

Defendant hereby demands a jury trial.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Defendant affirmatively alleges that Defendant is not liable for the alleged actions or inactions of other third parties, and/or any of their employees, agents or principals.

**Second Affirmative Defense**

Defendant affirmatively alleges Plaintiff's Complaint fails to state a cause of action against this Defendant upon which relief may be granted.

**Third Affirmative Defense**

Defendant affirmatively alleges that to the extent that any allegations exceed four (4) years from the date of filing the Complaint, such claims or allegations are barred by the year statute of limitations under the Telephone Consumer Protection Act ("TCPA").

**Fourth Affirmative Defense**

Defendant affirmatively alleges that all applicable exemptions and/or exceptions of the TCPA apply to Defendant, including the "prior express consent" exception.

**Fifth Affirmative Defense**

Defendant affirmatively alleges that Defendant is not liable for the alleged actions or inactions of other third parties, and/or any of their employees, agents or principals.

**Sixth Affirmative Defense**

Defendant affirmatively alleges Plaintiff's Complaint fails to state a cause of action against Defendant upon which relief may be granted.

**Seventh Affirmative Defense**

Defendant affirmatively alleges that at all pertinent times, Defendant acted in good faith reliance on the information provided by the creditor of the account.

**Eighth Affirmative Defense**

Defendant affirmatively alleges that the allegations arising from Section 559.72(9) <u>Fla.</u> <u>Stat</u>. are not actionable as the Defendant did not have the requisite actual knowledge.

**Ninth Affirmative Defense**

Defendant affirmatively alleges that the alleged actions of Defendant and its agents and employees are protected by the "bona fide error" defense pursuant to Florida's Consumer Collection Practices Act, *§559.77(3)* and/or the Fair Debt Collection Practices Act, Section

4

1692k since such actions or inactions, if they occurred, were not intentional and resulted from a bone fide error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such an errors.

**Tenth Affirmative Defense**

Defendant affirmatively alleges that this action was brought in bad faith and for the purpose of harassment, entitling Defendant to an award of attorneys' fees reasonable in relation to the work expended and costs, pursuant to 559.77 Fla. Stat.

**Eleventh Affirmative Defense**

Defendant affirmatively alleges that Plaintiff's Complaint fails to raise a justiciable issue of law or fact, which entitles Defendant to an award of court costs and reasonable attorneys' fees incurred, pursuant to and Section 57.105 Fla. Stat.

WHEREFORE, Defendant, RETRIEVAL-MASTERS CREDITORS BUREAU, requests that this Court dismiss Plaintiff's Complaint at Plaintiff's cost, and that Defendant be awarded reasonable attorney fees and costs as provided for under applicable law.

Dated this **26**th day of **March, 2015.**

Respectfully submitted,

/s/ *Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **March 26, 2015,** via the Court Clerk's CM/ECF system which will provide notice to the following: Richard Forlizzo, Plaintiff *Pro Se,* 29250 U.S. Highway 19 No. Lot 421, Clearwater, Florida.  Email Address: KTJO34684@gmail.com

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
Florida Bar No.: 110108
kohlmyer@urbanthier.com
Urban, Thier, & Federer, P.A.
200 S. Orange Avenue, Suite 2000
Orlando, FL  32801
Telephone: (407) 245-8352
Facsimile: (407) 245-8361
*Attorneys for Defendant*
